**MOORE REAL ESTATE, INC.,**
Appellant–Plaintiff,

v.

**PORTER COUNTY DRAINAGE BOARD OF PORTER COUNTY, Indiana,**
Appellee–Defendant.

No. 37A03–9010–CV–449.

Court of Appeals of Indiana,
Third District.

Sept. 26, 1991.

William T. Enslen, Enslen, Enslen & Matthews, Hammond, for appellant-plaintiff.

Robert P. Stoner, Kisti Good Risse, Spangler, Jennings & Dougherty, P.C., Valparaiso, for appellee-defendant.

GARRARD, Judge.

This is an appeal from a grant of summary judgment as to Moore's damage claims against the Porter County Drainage Board.

The facts relevant to the appeal disclose that Moore owned a large tract of real estate which was divided more or less into eastern and western halves by a legally regulated drain, the Dog Lake Ditch. Moore's only access to the western portion was across the ditch and was accomplished using a culvert made from a railroad tank car that the Board installed in 1978.

Due to work done upstream on the ditch by the Indiana Department of Natural Resources and the placement of larger culverts upstream by the county highway department in 1981, the water flow in the ditch was greatly increased and by 1983 Moore's crossing washed out and became unusable.

In the spring of 1986 in order to handle the water flow, the Board widened and deepened the ditch and increased the size of spoilage embankments along Moore's land. During this process the remains of Moore's crossing were removed.

Moore brought suit contending, *inter alia,* that the Board had effected a taking of his property without just compensation by depriving him of all access to the western portion of Moore's tract. *See* IC 32–11–1–12. The court accepted the Board's defense that Moore's claim was subject to the provisions of the Indiana Tort Claims Act, IC 34–4–16.5–1 *et seq.* and granted summary judgment because Moore had not given the notice required by IC 34–4–16.5–7. We disagree and reverse.

By its own declaration, IC 34–4–16.5–1 applies that chapter only to claims or suits in tort. On the other hand, the whole theory of eminent domain is that the government has the *right* to take the property of its citizens, but it must pay just compensation for the property taken. Thus because the government has the right to take the property, the taking is not tortious. Therefore the Tort Claims Act has no application.

Viewed somewhat differently, our constitution in Article 1, Section 21 requires that no person's property shall be taken by law without just compensation. The Board may not use a state statute, the tort claims act, to trump the constitutional rights of Moore. *Cf. Felder v. Casey* (1988) 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123.

The summary judgment on Moore's claim of inverse condemnation is reversed and the case is remanded for further proceedings.

Reversed and remanded.

STATON, J., concurs.

HOFFMAN, P.J., dissents and files separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. As the majority notes, the Board's actions destroyed the only means of access to the western portion of Moore's property. Clearly, the Board's actions impaired Moore's use of the property and, thus, damaged the property to a large extent. Damage to property is a loss for which the Tort Claims Act requires notice. *See* IND.CODE §§ 34–4–16.5–2(e), –7. Moore's failure to comply with the notice requirements of the Act was, therefore, fatal to its claim.

Moore also contends its claim for breach of contract was not subject to the notice requirements of the Tort Claims Act because the Act applies only to a claim or suit in tort. *See* IND.CODE § 34–4–16.5–1. However, regardless of whether the Board actually agreed to replace Moore's crossing but failed to do so, Moore's complaint sounded in tort rather than contract. The basis for Moore's complaint was the Board's damaging of its property, and any contract between Moore and the Board related to that damage. This Court should not allow Moore to change the theory of its case merely to avoid application of the Tort Claims Act. I would affirm the trial court's grant of partial summary judgment.